IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| KELSI EDMONDS, by and through her Guardian Ad Litem Brian Edmonds; ESTATE OF SETH THOMPSON, by and through its Personal Representative Steven Thompson; ESTATE OF ROBERT W. GREMILLION, by and through its Personal Representative Robert P. Gremillion; and JONATHAN KINNEY,<br><br>Plaintiffs,<br><br>vs.<br><br>COSMO INVESTMENTS, LLC, a limited liability company; MELVYN IRVING SEGER, an individual; DAVID NASE PROPERTY MANAGEMENT/CONSTRUCTION CORPORATION, a corporation; and HEIBERG GARBAGE & RECYCLING, a limited liability company,<br><br>Defendants. | Case No. 21CV34484<br><br>**CORRECTED**<br>COMPLAINT<br>Action for Wrongful Death and Personal Injuries; Negligence<br><br>Prayer Amount: $85,850,000<br><br>Filing Fee: $1,178.00<br>ORS 21.160(1)(e)<br><br>Request for Jury Trial<br><br>CLAIM NOT SUBJECT TO MANDATORY ARBITRATION |

Plaintiffs allege at all material times:

**GENERAL ALLEGATIONS**

1.

In 1972, a sixteen unit apartment complex was built at 2226 NE Weidler Street in Portland, Oregon. The design of the complex required upper floor tenants to traverse a series of exterior, wooden catwalks and wooden stairways to reach ground level.

/ / / / /

Page 1 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

2.

On September 25, 1975, a 23 year old tenant of the apartment complex was killed when her apartment caught fire.

3.

In 2007, Defendants Cosmo Investments, LLC and Melvyn Seger purchased the apartment complex.

4.

On November 27, 2010, the Portland Fire Department responded to a fire at the apartment complex. Their investigation revealed that cigarettes in a trash bin had ignited, causing the fire. The trash bin was located underneath the balcony of one of the apartments, and the tenant of that apartment saw the smoke and was able to move the bin to the street before it could ignite the complex. The fire department's investigation report noted that the bins were in an improper location, and that the apartment complex was previously cited for having trash bins in an improper location.

5.

On April 27, 2016, the Portland Fire Department responded to a fire at the apartment complex. Their investigation revealed that, again, cigarettes in a trash bin had ignited, causing the fire. The investigation report noted that a tenant was able to dump water in the trash bin before it was able to ignite the apartment complex. The report also noted that there had been "at least 3 other fires like this recently" in that area.

6.

In or about February 2021, Defendants moved trash bins at the apartment complex, including a four yard plastic dumpster, into a carport area directly underneath occupied apartment units, including unit 4.

7.

Early in the morning of July 4, 2021, another fire started in a trash bin at the apartment

Page 2 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

1  complex. This time, the fire started in a four yard plastic dumpster, and this time, the fire quickly
2  spread to the apartment complex.

3                                                     8.

4      Kelsi Edmonds, Seth Thompson, Robert "Bill" Gremillion, and Jonathan Kinney rented
5  unit 4 of the apartment complex, which was on the top floor above the carport where the
6  dumpsters had been moved. When the fire started, they were asleep. At about 3:30 a.m., they
7  awoke to neighbors shouting and smoke filling the building. Plaintiff Jonathan Kinney was able
8  to exit the apartment almost immediately. The other roommates followed close behind. The fire
9  had already spread, and Jonathan Kinney was barely able to squeeze past the flames and narrowly
10 escape. Kelsi Edmonds, Seth Thompson, and Bill Gremillion left the apartment about 20 seconds
11 behind Jonathan Kinney. They ran across the upper wooden catwalk and banged on the door of
12 the apartment complex across from them, to make sure those tenants were alerted to the fire. In
13 those seconds, the exterior wooden stairs and the catwalk below caught fire. The roommates were
14 now trapped on the third floor catwalk, with no means to escape. As the third floor catwalk began
15 to catch fire, Kelsi Edmonds jumped to the pavement below, followed by Seth Thompson. Bill
16 Gremillion was overcome by the smoke and flames, and he was burned to death on the catwalk,
17 his body falling to the pavement below as the structure fell apart.

18                                                **PARTIES**
19                                                     9.

20     Kelsi Edmonds is a resident of Portland, Oregon. She suffered catastrophic injuries in the
21 fire and, due to her current incapacity, she is represented by her father, Brian Edmonds, who has
22 been appointed her guardian ad litem for purposes of this litigation.

23                                                    10.

24     Seth Thompson was a resident of Portland, Oregon. He died from his injuries the morning
25 of the fire. He is represented by his father, Steven Thompson, who was appointed personal
26 representative pursuant to a limited judgment entered July 30, 2021, in Multnomah County

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

Page 3 - COMPLAINT

Circuit Court Case No. 21PB06373.

11.

Bill Gremillion was a resident of Portland, Oregon. He died from his injuries the morning of the fire. He is represented by his father, Robert Gremillion, who was appointed personal representative pursuant to a limited judgment entered August 10, 2021, in Multnomah County Circuit Court Case No. 21PB06624.

12.

At all material times, Jonathan Kinney was a resident of Portland, Oregon, living at the subject apartment complex.

13.

Defendant Cosmo Investments, LLC is a limited liability company with its principal place of business in Multnomah County, Oregon. It is in the business of rental property investment, ownership, and management. It owns the subject apartment complex. Defendant Melvyn Seger owned and operated Defendant Cosmo Investments, LLC.

14.

Defendant David Nase Property Management/Construction Corporation is an Oregon corporation that conducts regular, sustained business activities in Multnomah County, Oregon. It is in the business of residential and commercial property management, including maintenance, remodeling, and repair. Defendant Nase Property Management/Construction Corporation provided property management services to the subject apartment complex.

15.

Defendant Heiberg Garbage & Recycling, LLC is an Oregon limited liability company engaged in the business of garbage collections and recycling. It provided garbage and recycling services at the subject apartment complex.

/ / / / /

/ / / / /

Page 4 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

**JURISDICTION AND VENUE**

16.

This Court has jurisdiction and venue over the parties and the subject matter of this civil action because the cause of action giving rise to this claim occurred in Multnomah County, Defendant Cosmo's principal place of business is in Multnomah County, and all Defendants engage in regular and sustained business activity in Multnomah County.

**CLAIMS FOR RELIEF**

<u>Count 1 - Defendants Cosmo Investments, LLC; Melvyn Seger; and David Nase Property Management/Construction Corporation</u>

17.

Defendants Cosmo Investments, LLC; Melvyn Seger; and David Nase Property Management/Construction Corporation were negligent in one or more of the following ways:

(a) In moving the subject dumpster into a carport underneath occupied apartment units;

(b) In failing to provide fire escapes to the tenants of their apartment complex;

(c) In failing to have sprinklers or any fire suppression system to protect their tenants in the case of a fire;

(d) In using a flammable plastic dumpster in an area directly underneath occupied apartment units and adjacent to wooden catwalks and stairways that were the only means of escape for tenants of the apartment complex; and

(e) In failing to adequately warn and instruct their tenants about the risk of fire and what to do and how to escape in the case of a fire.

18.

Defendants Cosmo, Seger, and Nase knew, or in the exercise of reasonable care should have known, that each of the acts or omissions described above would create an unreasonable risk of foreseeable harm to the residents of their apartment complex, including Kelsi Edmonds,

Page 5 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

Seth Thompson, Bill Gremillion, and Jonathan Kinney.

19.

The negligence of Defendant Cosmo Investments, LLC; Melvyn Seger; and David Nase Property Management/Construction Corporation in one or more of the foregoing ways was a substantial factor in causing injury to Kelsi Edmonds, Seth Thompson, Bill Gremillion, and Jonathan Kinney, as described below.

20.

<u>Count 2 - Defendant Heiberg Garbage & Recycling, LLC</u>

21.

Plaintiffs incorporate paragraphs 1-16 as though fully set forth below.

22.

Defendant Heiberg Garbage & Recycling, LLC was negligent in one or more of the following ways:

(a) In maintaining the subject plastic dumpster in a carport underneath occupied apartment units and adjacent to wooden catwalks and stairways that were the only means of escape for tenants of the apartment complex;

(b) In providing a flammable dumpster for use in a carport of a wooden apartment complex underneath occupied apartment units and adjacent to wooden catwalks and stairways that were the only means of escape for tenants of the apartment complex; and

(c) In failing to adequately warn others, including Defendants and tenants at the subject apartment complex, of the risk of placing a plastic dumpster in the carport of the wooden apartment complex.

23.

Defendant Heiberg Garbage & Recycling, LLC knew, or in the exercise of reasonable care should have known, that each of the acts or omissions described above would create an

Page 6 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

unreasonable risk of foreseeable harm to the residents of the apartment complex, including Kelsi Edmonds, Seth Thompson, Bill Gremillion, and Jonathan Kinney.

24.

The negligence of Defendant Heiberg in one or more of the ways described above was a substantial factor in causing injury to Kelsi Edmonds, Seth Thompson, Bill Gremillion, and Jonathan Kinney, as described below.

**DAMAGES**

Kelsi Edmonds

25.

Brian Edmonds, as guardian ad litem for Kelsi Edmonds, incorporates paragraphs 1-26 as though set forth below.

26.

As a result of the acts or omissions of Defendants, Kelsi Edmonds has suffered and will continue to suffer pain, disability, disfigurement, interference with her usual activities, and loss of enjoyment of life, all to her noneconomic damages in a reasonable amount to be determined by a jury at trial, but not expected to exceed $30,000,000.

27.

Kelsi Edmonds has required and will continue to require medical care, including the services of hospitals, clinics, physicians, nurses, therapists, and technicians, medical supplies, and medications, and she has suffered earning losses and an impairment of her earning capacity, all to her economic damages in a reasonable amount to be determined by a jury at trial, estimated at this point not to exceed $25,000,000.

Estate of Seth Thompson

28.

Steven Thompson, as personal representative of the estate of Seth Thompson, incorporates paragraphs 1-26 as though set forth below.

Page 7 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

29.

Seth Thompson died on July 4, 2021 as a result of injuries sustained in the fire and in his jump from the burning building. He was born on July 22, 1989, and was 31 years old at the time of his death. Seth Thompson had a reasonable life expectancy of an additional 49.6 years.

30.

The acts or omissions of Defendants in one or more ways described above caused Seth Thompson to suffer an excruciatingly painful and untimely wrongful death. Defendants' acts or omissions also caused Seth Thompson to endure terror, pain, and mental suffering before his death. Since his passing, Seth Thompson's estate has also suffered the loss of his society, companionship, support and services and parents are entitled to an award of noneconomic damages in a reasonable amount to be determined by a jury at trial, estimated at this point not to exceed $10,000,000.

31.

As a further result of the acts or omissions of Defendants, Seth Thompson's estate has suffered economic damages including, but not limited to, funeral and memorial expenses, as well as loss of his earnings, support, and services in a reasonable amount to be determined by a jury at trial, but not currently expected to exceed $5,000,000.

Estate of Bill Gremillion

32.

Robert Gremillion, as personal representative of the estate of Bill Gremillion, incorporates paragraphs 1-26 as though set forth below.

33.

Bill Gremillion died on July 4, 2021 in the fire. He was born on January 16, 1990, and was 31 years old at the time of his death. Bill Gremillion had a reasonable life expectancy of an additional 50.1 years.

/ / / / /

Page 8 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

34.

The acts or omissions of Defendants in one or more ways described above caused Bill Gremillion to suffer an excruciatingly painful and untimely wrongful death. Defendants' acts or omissions also caused Bill Gremillion to endure terror, pain, and mental suffering before his death. Since his passing, Bill Gremillion's estate has also suffered the loss of his society, companionship, support and services and parents are entitled to an award of noneconomic damages in a reasonable amount to be determined by a jury at trial, estimated at this point not to exceed $10,000,000.

35.

As a further result of the acts or omissions of Defendants, Bill Gremillion's estate has suffered economic damages including, but not limited to, funeral and memorial expenses, as well as loss of his earnings, support, and services in a reasonable amount to be determined by a jury at trial, but not currently expected to exceed $5,000,000.

<u>Jonathan Kinney</u>

36.

Jonathan Kinney incorporates paragraphs 1-26 as though set forth below.

37.

As a result of the acts or omissions of Defendants, Plaintiff Jonathan Kinney has suffered physical pain and injuries. He also suffered, and will continue to suffer, mental anguish, emotional distress, and loss of enjoyment of life, all to his noneconomic damages in a reasonable amount to be determined by a jury at trial, currently not expected to exceed $750,000.

38.

In treatment of his injuries, Plaintiff Jonathan Kinney has required medical care, and may continue to require medical care, and counseling services, all to his economic damages in a reasonable amount to be determined by a jury at trial, currently not expected to exceed $100,000.

*    *    *    *    *    *    *    *

Page 9 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as follows:

<u>For Kelsi Edmonds</u>:

(a) Noneconomic damages in an amount to be determined by the jury at trial, but not currently expected to exceed $30,000,000;

(b) Economic damages in an amount to be determined by the jury at trial, not currently expected to exceed $25,000,000; and

(c) Costs and disbursements incurred in this action.

<u>For the Estate of Seth Thompson</u>:

(a) Noneconomic damages in an amount to be determined by the jury at trial, but not expected to exceed $10,000,000;

(b) Economic damages in an amount to be determined by the jury at trial, but not expected to exceed $5,000,000; and

(c) Costs and disbursements incurred in this action.

<u>For the Estate of Bill Gremillion</u>:

(a) Noneconomic damages in an amount to be determined by the jury at trial, but not expected to exceed $10,000,000;

(b) Economic damages in an amount to be determined by the jury at trial, but not expected to exceed $5,000,000; and

(c) Costs and disbursements incurred in this action.

<u>For Jonathan Kinney</u>:

(a) Noneconomic damages in an amount to be determined by the jury at trial, but not expected to exceed $750,000;

Page 10 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882

    (b)    Economic damages in an amount to be determined by the jury at trial, but not expected to exceed $100,000; and

    (c)    Costs and disbursements incurred in this action.

DATED: August 30, 2021

JOHNSON JOHNSON LUCAS & MIDDLETON, PC

*s/ Scott C. Lucas*

_____
Scott C. Lucas, OSB # 970030
slucas@justicelawyers.com
Shane P. Davis, OSB #193486
sdavis@justicelawyers.com

Lance A. Cooper
THE COOPER FIRM
lance@thecooperfirm.com
531 Roselane Street NW, Suite 200
Marietta, GA 30060 (*Pro Hac Vice* pending)

Of Attorneys for Plaintiffs

Page 11 - COMPLAINT

Johnson Johnson Lucas & Middleton, P.C.
SUITE 1050 CITIZENS BUILDING
975 OAK STREET
EUGENE, OR 97401-3124
(541)484-2434
FAX: (541) 484-0882