IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| ONDREA MURRAY AND PATRICIA PATTERSON,<br><br>    PLAINTIFFS,<br><br>vs.<br><br>COSMO INVESTMENTS, LLC., a limited liability company, MELVYN IRVING SEGER, an individual; DAVID NASE PROPERTY MANAGEMENT/CONSTRUCTION CORPORATION, a corporation; and HEIBERG GARBAGE & RECYCLING, a limited liability company,<br><br>    DEFENDANTS. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br>(Negligence)<br><br>PRAYER: $1,520,000<br>(Filing Fee Pursuant to ORS 21.160(1)(c))<br><br>CLAIM NOT SUBJECT TO MANDATORY ARBITRATION<br>(Pursuant to UTCR 13.060) |

Plaintiffs allege:

**PARTIES**

1.

At all material times, Plaintiffs Ondrea Murray and Patricia Patterson were individuals residing at 2226 N.E. Weidler Street in Multnomah County, Oregon.

2.

At all material times, Defendant Cosmo Investments, LLC (Hereinafter "Cosmo"), was a limited liability company with its principal place of business in Multnomah County, Oregon that

{00504570;3}
Page 1 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

1  owned the real property located at 2226 N.E. Weidler Street in Multnomah County, Oregon

2  (hereinafter "the apartment complex").

3.

4  At all material times, Defendant Melvyn Irving Seger (Hereinafter "Seger") was an

5  individual residing in Multnomah County, Oregon.

4.

7  At all material times, Defendant David Nase Property Management/Construction

8  Corporation, LLC (Hereinafter "David Nase"), was a limited liability company with its principal

9  place of business in Washington County, Oregon that managed the apartment complex.

5.

11  At all material times, Defendant Heiberg Garbage and Recycling, LLC (Hereinafter

12  "Heiberg"), was a limited liability company with its principal place of business in Clackamas

13  County, Oregon. It provided garbage and recycling services at the real property located at the

14  apartment complex.

**JURISDICTION AND VENUE**

6.

17  Jurisdiction and venue are proper in the Circuit Court for Multnomah County because the

18  acts and omissions giving rise to this claim occurred in Multnomah County and all defendants

19  engage in regular and sustained business activity in Multnomah County.

**FACTUAL BACKGROUND**

7.

22  In 1972, an apartment complex was built at 2226 N.E. Weidler Street in Multnomah

23  County, Oregon. The complex was three levels high. It was designed in such a way that tenants

{00504570;3}
Page 2 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

on the second and third levels could only reach the ground level by travelling through a series of wooden walkways and staircases.

8.

In 2007, Defendants Cosmo and Seger purchased the apartment complex.

9.

After Defendants Cosmo and Seger's purchase of the apartment complex, there were several fires at the property that required the response of the Portland Fire Department.

10.

During the time that Defendant David Nase managed and Defendant Heiberg provided garbage and recycling services at the apartment complex, there were several fires at the property that required the response of the Portland Fire Department.

11.

In the winter or early spring of 2021, Defendants moved trash bins and dumpsters from an uncovered area in front of the complex into a carport directly under the wooden walkways and staircases that led to the living units of the apartment complex.

12.

Plaintiffs were tenants at the apartment complex and lived in unit 12, on the second story of the apartment complex.

13.

Additionally and in the alternative, Plaintiffs were invitees at the apartment complex.

{00504570;3}
Page 3 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

14.

In the early morning of July 4 or late evening of July 3, 2021, a fire started in a dumpster at the apartment complex. The fire spread rapidly from the dumpster to the wooden walkways and staircases and finally to the apartment complex itself.

15.

At about 3:30 a.m., Plaintiff Ondrea Murray awoke to neighbors shouting and smoke filling apartment unit 12. Plaintiff Ondrea Murray ran to Plaintiff Patricia Patterson's bedroom to wake her and alert her to the fire.

16.

Plaintiffs attempted to flee the apartment complex through the front door but found the wooden walkways and staircases at their front door were ablaze.

17.

Plaintiffs instead fled the apartment through the only means available to them: the back window. Plaintiffs crawled out the second-story window and jumped to the concrete parking lot below.

**FIRST CLAIM FOR RELIEF**

**(Negligence – Defendants Cosmo Investments, LLC; Melvyn Seger; and David Nase Property Management/Construction Corporation)**

18.

Plaintiffs reallege all paragraphs above.

19.

Defendants Cosmo Investments, LLC; Melvyn Seger; and David Nase Property Management/Construction Corporation were negligent in one or more of the following ways:

a) In moving trash bins and dumpsters into a carport directly under the wooden walkways and staircases of the apartment complex;

b) In failing to install or maintain fire escapes in the apartment complex;

c) In failing to install or maintain fire suppression systems in the complex or its living units;

d) In using a flammable dumpster in an area located directly underneath wooden walkways, staircases, and apartment units;

e) In failing to adequately warn tenants and invitees about the risk of fire at the apartment complex;

f) In failing to adequately instruct tenants and invitees how to escape in case of fire at the apartment complex; and

g) In failing to maintain the property free of rubbish and garbage.

20.

As a direct, proximate, and foreseeable result of the negligence of Defendants Cosmo Investments, LLC; Melvyn Seger; and David Nase Property Management/Construction Corporation, Plaintiffs sustained injuries and damages as described below.

## SECOND CLAIM FOR RELIEF

**(Negligence – Defendant Heiberg Garbage & Recycling, LLC)**

21.

Plaintiffs reallege all paragraphs above.

22.

Defendant Heiberg Garbage & Recycling was negligent in one or more of the following ways:

a) In maintaining trash bins and dumpsters into a carport directly under the wooden walkways and staircases of the apartment complex;

b) In providing a flammable dumpster in an area located directly underneath wooden walkways, staircases, and apartment units;

c) In failing to adequately warn others, including Defendants, tenants, and invitees, of the risk of placing trash bins and dumpsters underneath the walkways and staircases of the apartment complex.

**DAMAGES AS TO ALL CLAIMS FOR RELIEF**

23.

Plaintiffs reallege all paragraphs above.

24.

As a result of the acts or omissions of Defendants, Plaintiff Ondrea Murray suffered a fracture to the heel bone of her right foot, sprain, strains, and contusions, and severe and traumatic emotional distress.

25.

As a further result of the acts or omissions of Defendants, Plaintiff Ondrea Murray has incurred medical and related expenses in an amount to be determined at trial, but not to exceed $100,000.

26.

As a further result of the acts or omissions of Defendants, Plaintiff Ondrea Murray's property was destroyed, the fair market value of which will be determined at trial, but not to exceed $20,000.

27.

As a further result of the acts or omissions of Defendants, Plaintiff Ondrea Murray has suffered pain, concern for her physical well-being, loss of physical function, inconvenience, and interference with her normal lifestyle, all to her non-economic damages in a sum not to exceed $750,000.

28.

As a result of the acts or omissions of Defendants, Plaintiff Patricia Patterson suffered injury and severe and traumatic emotional distress.

29.

As a further result of the acts or omissions of Defendants, Plaintiff Patricia Patterson has incurred medical and related expenses in an amount to be determined at trial, but not to exceed $50,000.

30.

As a further result of the acts or omissions of Defendants, Plaintiff Patricia Patterson has incurred lost wages in an amount to be determined at trial, but not to exceed $50,000.

31.

As a further result of the acts or omissions of Defendants, Plaintiff Ondrea Murray's property was destroyed, the fair market value of which will be determined at trial, but not to exceed $50,000.

{00504570;3}
Page 7 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

32.

As a further result of the acts or omissions of Defendants, Plaintiff Patricia Patterson has suffered pain, concern for her physical well-being, loss of sleep, inconvenience, and interference with her normal lifestyle, all to her non-economic damages in a sum not to exceed $500,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

On behalf of Plaintiff Ondrea Murray,

a. For past and future economic damages in the amount of $120,000.00, subject to amendment at trial;

b. For past and future noneconomic losses in the amount of $750,000.00, subject to amendment at trial;

c. For costs and disbursements incurred herein;

d. For interest according to law;

e. For such other relief as the court deems just.

On behalf of Plaintiff Patricia Patterson:

a. For past and future economic damages in the amount of $150,000.00, subject to amendment at trial;

b. For past and future noneconomic losses in the amount of $500,000.00, subject to amendment at trial;

c. For costs and disbursements incurred herein;

{00504570;3}
Page 8 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

    d.  For interest according to law;

    e.  For such other relief as the court deems just.

DATED this 12th day of November, 2021.

                              D'AMORE LAW GROUP, P.C.

By: _____
Thomas D'Amore, OSB No. 922735
Email: tom@damorelaw.com
Ben Turner, OSB No. 144503
Email: ben@damorelaw.com
4230 Galewood Street, Suite 200
Lake Oswego, OR 97035
Telephone: (503) 222-6333

*Of Attorneys for Plaintiffs*